# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD ALFORD-LOFTON,

        Plaintiff,

v.                           Case No. 20-CV-996

GERRARD KIBBEL,

        Defendant.

## DECISION AND ORDER

Plaintiff Donald Alford-Lofton, who is representing himself and confined at Dane County Jail, brings this lawsuit under 42 U.S.C. § 1983. Lofton alleges that the defendant, Correctional Officer Gerrard Kibbel, violated his constitutional rights when he failed to prevent Lofton from harming himself. Lofton filed a motion for summary judgment (ECF No. 37). The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos.9, 24.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## FACTS AND ANALYSIS

Lofton states that, while incarcerated at Waupun Correctional Institution, he experienced thoughts of self-harm on May 4, 2020. (ECF No. 49, ¶ 1; ECF No. 50, ¶ 1.) Lofton asserts that, while defendant Kibbel was doing rounds on his housing tier, Lofton stopped him and told him that he did not "feel safe" and felt like hurting himself. (ECF No. 49, ¶ 1.) According to Lofton, Kibbel told him to fill out a psychological services slip and walked away. (*Id.*, ¶ 3.) Fifteen minutes later, Lofton

2

again stopped Kibbel and reiterated that he was feeling suicidal and was going to cut himself. (*Id.*, ¶¶ 6-7.) Kibbel just walked away and did not seek help for Lofton. (*Id.*, ¶ 8.) Lofton then used a razor and cut himself. (*Id.*, ¶ 14.) His wounds required 22 stitches. (*Id.*)

The defendants do not dispute for the purposes of summary judgment that Lofton cut himself and required 22 stitches. (ECF No. 49, ¶ 14.) However, they dispute that Lofton ever spoke with Kibbel on May 4, 2020, or at any time prior regarding thoughts of suicide or self-harm. (*Id.*, ¶¶ 1,2,6.)

A genuine issue of material fact exists as to whether, before cutting himself, Lofton told Kibbel he was having thoughts of self-harm and was going to cut himself. As a result, the court will deny Lofton's motion for summary judgment.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Lofton's motion for summary judgment (ECF No. 37) is **DENIED**. The court will set a telephonic status conference to discuss next steps.

Dated at Milwaukee, Wisconsin this 20th day of January, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge